IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: <br>     SHAWN C. MCGUIRE <br><br>                      Debtor. | : Bankruptcy No.: 17-14056-amc <br> : <br> : Chapter 13 |
| Shawn C. McGuire <br> 26 W. Roland Road <br> Brookhaven, PA 19015 <br>                      Plaintiff <br>     v. <br><br> HSBC Bank USA, National Association <br> 452 5th Avenue <br> New York, NY 10018 <br><br> and/or <br><br> Veripro Siolutions <br> 8950 Cypress Waters Blvd <br> Coppell, TX 75019 <br>                      Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : AP No. 23-00112 |

**AMENDED COMPLAINT TO DETERMINE VALIDITY OF LIEN HELD
BY HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE
HOLDERS OF THE ACE SECURITIES CORP. HOME EQUITY LOAN TRUST,
ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2006-CW1 and/or
VERIPRO SOLUTUIONS, INC.**

### I.    Introduction

1. The instant complaint is filed by the Debtor-Plaintiff (hereinafter referred to as "Plaintiff") Shawn C. McGuire pursuant to Bankruptcy Rule 7001 to determine the extent and validity of any lien asserted by Defendant, HSBC Bank USA, National Association, As Trustee for the Holders of Ace Securities Corp. Home Equity Loan rust Asset Backed Pass-Through Certificate Series 2006-CW1 or Veripro Solutions, Inc. (hereinafter referred to as "Defendant(s)") and pursuant to 11 U.S.C. § 506 to determine the extent to which Defendant(s) pursuant to a second mortgage on the property more fully described below may file a secured claim and the extent to which it is

an unsecured claim; to declare that any such claim that may be filed by the Defendant(s) pursuant to the aforesaid mortgage is unsecured, per 11 U.S.C. § 506, and praying that the Honorable Court enter an order, directing the Defendant to void and/or vacate the second mortgage held by the Defendant(s) upon the property of the Plaintiff, and to have such voidance or vacation recorded with the Recorder of Deeds, or as a satisfaction of mortgage.

### II. Jurisdiction

2. Debtor-Plaintiff, Shawn C. McGuire, by and through their counsel, Brad J. Sadek, Esquire, of Sadek Law Offices, filed the present chapter 13 case on June 9, 2017 (the "Chapter 13 Case"). This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157.

### III. Parties

3. The Plaintiff is Shawn C. McGuire, a natural person, who resides at 26 West Roland Road, Brookhaven, PA 19015.

4. The Defendant is HSBC Bank USA, National Association, having a primary office to conduct business at 452 5th Avenue, New York, NY 10018.

5. Additional Defendant is Veripro Solutions, Inc., having a primary office at 8950 Cypress Waters Boulevard, Coppell, Texas, 75019.

6. The standing chapter 13 trustee in the Chapter 13 Case is Kenneth E. West, Esquire.

### IV. Allegations of Fact

7. The Plaintiff purchased real property located at 26 West Roland Road, Brookhaven, PA 19015 (the "Property") on or about March 15, 2006, by way of first

mortgage held by HSBC Bank, US National Association and serviced by Nationstar Mortgage, LLC (the "First Mortgage").

8. The subject second mortgage on the property was granted in favor of the on or about March 15, 2006, in the original amount of $31,980.00 (the "Second Mortgage").

9. As of the date of filing the instant bankruptcy matter, per Proof of Claim 8-1, the First Mortgage had a total balance due and owing in the amount of $218,850.71.

10. As of November 18, 2013, the Second Mortgage, through Defendant, had a current balance due and owing in the amount of $53,266.89 in accordance with Proof of Claim numbered 8-1 filed in the Plaintiff-Debtor's prior bankruptcy case, Case No. 13-16141 (the "Prior Case"). See Proof of Claim 8-1 from the Prior Case incorporated herein and marked as **"Exhibit A."**

11. On April 27, 2015 Claim number 8 in Bankruptcy number 13-16141 was transferred to Veripro Solutions, Inc.

12. Despite the transfer of claim to Veripro on April 27, 2015, the last assignment recorded with the Delaware County Recorder of Deeds was filed on September 10, 2013 and lists Nationstar Mortgage, LLC (Servicer for Defendant HSBC, per Proof of Claim 8-1 in Bankruptcy Case Number 13-16141-amc) as Assignee. A true and correct copy of the September 10, 2013 Assignment is incorporated herein and marked as **Exhibit "B."**

13. Although no Assignment has been recorded with the Delaware County Recorder of Deeds in favor of Veripro Solutions, Inc., they are being included as an

additional Defendant based on the Transfer of Claim filed on April 27, 2015 in Bankruptcy case number 13-16141.

14. In accordance with Schedule "A" filed in the instant Chapter 13 Case, the value of the Property is $147,142.80.

15. Based on the foregoing, Plaintiff avers that the property was worth less than the payoff amount of the First Mortgage at the time the instant case was filed.

16. Therefore, the Second Mortgage, held by the Defendant(s), is wholly unsecured.

17. Pursuant to 11 U.S.C. § 506, Plaintiff asserts that the debt or obligation owed by the Plaintiff to the Defendant(s) by virtue of the Second Mortgage upon Debtor's real property should be reclassified by this Honorable Court as completely unsecured and any lien held by the Defendant against the property in question should be declared null and void.

**WHEREFORE**, Plaintiff, by and through their counsel Brad J. Sadek, Esquire of Sadek Law Offices, respectfully requests that this Honorable Court enter an Order in favor of the Plaintiff and against Defendant(s), reclassifying any claim filed by the Defendant based upon the aforementioned Second Mortgage upon the premises, from secured to unsecured, striking or otherwise modifying any such Proof of Claim that is filed by the Defendant to show that the debt in question is wholly unsecured; and

**ORDERING** the Defendant to void or otherwise vacate the second mortgage on the premises of 26 West Roland Road, Brookhaven, PA 19015, and have such voidance or vacation recorded with the Recorder of Deeds, or in the alternative, mark said

mortgage as "satisfied" on the records of the Recorder of Deeds within thirty (30) days of the entry of the Order of Discharge of this Honorable Court, and to deliver same to counsel for Plaintiff, at no cost or charge for such cancellation and/or delivery; AND

Granting such relief as the Court may determine to be proper and just.

                                                   Respectfully submitted,

                                                   SADEK LAW OFFICES

Dated: February 14, 2024        By:   /s/ Brad J. Sadek
                                                    Brad J. Sadek, Esquire
                                                    Attorney I.D. No. 90488
                                                    1500 JFK Boulevard, Suite 220
                                                    Philadelphia, Pennsylvania 19102
                                                    T: (215) 545-0008
                                                    F: (215) 545-0611
                                                    brad@sadeklaw.com

                                                    *Counsel to the Debtor-Defendant*

## VERIFICATION

I, Brad J. Sadek, as attorney for Debtor-Plaintiff in the aforementioned matter, verify that the statements made in this Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

Date: February 14, 2024

/s/ Brad J. Sadek, Esquire
Brad J. Sadek, Esquire